# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06CR00022 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| MARK JASON PARRIS, ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendant. ) | |

The government has sought review of an order of the magistrate judge refusing to detain the defendant. *See* 18 U.S.C.A. § 3145(a)(1) (West Supp. 2005). The magistrate judge ordered the defendant released on a $10,000 unsecured bond and conditions of release, including home confinement with electronic monitoring. By agreement of the parties, I have considered the evidence presented before the magistrate judge, as well as additional evidence presented by the government.

The defendant is charged by indictment with conspiracy to distribute controlled substances, as well as possessing a firearm in furtherance of a drug trafficking offense. The indictment also charges the defendant with obstruction of justice. It is alleged that the defendant obstructed the investigation by the Federal Bureau of Investigation into the disappearance of Stacy McCray, whose remains were later found in an isolated area of the Jefferson National Forest. It is also alleged that the

defendant surreptitiously distributed drugs to Ms. McCray and other unnamed victims, with the intent to rape them.

In reviewing the magistrate judge's decision to release the defendant, I "act[] *de novo* and must make an independent determination of the proper pretrial detention or conditions of release." *United States v. Stewart*, 19 Fed. Appx. 46, 48 (4th Cir. 2001) (unpublished). The drug trafficking and firearms charges against the defendant create a rebuttable presumption that there is no condition or combination of conditions of release that will reasonably assure the appearance of the defendant and the safety of the community. *See* 18 U.S.C.A. § 3142(e) (West 2000).

I agree with the magistrate judge that the defendant has defeated the presumption that no condition of release will reasonably assure his appearance as required. The defendant lives with his parents in this community and has long ties here. However, I find that the defendant has not rebutted the presumption concerning the safety of the community.

The witnesses presented by the defendant in an effort to rebut the presumption of detention were either family members or otherwise closely connected to his family. While they testified as to the defendant's good conduct in the past, their relationship to the defendant does not allow me to give substantial weight to that testimony, particularly in light of the government's evidence that family members have been

complicit in criminal activities. While the defendant was ordered on electronic monitoring, that condition would not prevent him from committing the type of criminal acts described in the indictment and in the government's testimony.

Accordingly, it is **ORDERED** that the order of the magistrate judge is VACATED and the defendant is directed to be DETAINED pending trial. The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility must deliver the defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

ENTER: April 7, 2006

/s/ JAMES P. JONES
Chief United States District Judge