# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06CR00022 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **MARK JASON PARRIS,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Anthony P. Giorno, Acting United States Attorney, and Charlene R. Day, Assistant United States Attorney, Roanoke, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.*

The court has before it a motion by the defendant, Mark Jason Parris, for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and based upon Amendment 782 to the United States Guidelines Manual ("USSG"). Parris was sentenced in 2007 to 180 months imprisonment after his guilty plea to conspiracy to distribute controlled substances, possession of a firearm in furtherance of a drug trafficking crime, and possession of a stolen firearm. The guideline range at sentencing, based upon an Offense Level of 16 and a Criminal History Category of II, was 24 to 30 months imprisonment, in addition to a statutory mandatory consecutive sentence of 60 months.

Prior to sentencing, the United States moved for an upward departure based upon the facts of Parris' drug conspiracy crime. The court granted the government's motion and sentenced Parris to 120 months imprisonment, together with the statutory mandatory consecutive sentence of 60 months for the crime of possession of a firearm in furtherance of a drug trafficking crime, for a total sentence of 180 months, or 15 years. Parris' current projected release date is April 29, 2019.

In spite of the government's motion at the time of sentencing, it now joins with Parris in requesting the court to reduce his sentence so as to permit his immediate release, based upon the fact that Parris has had only one misconduct violation while in prison. Parris' motion has been fully briefed and is ripe for decision.

The facts surrounding Parris' crimes are as follows. Stacy McCray, a young woman with a drug problem, disappeared on the night of November 10, 2002, after last being seen in the company of Parris, a drug dealer. Her mother contacted the police the next day to report her missing and an investigation ensued. Her car was eventually discovered, as well as her intact wallet. Parris was interviewed by police, but denied knowledge of her whereabouts. In late 2004, McCray's skeletal remains were found by a hunter in the Jefferson National Forest.

Evidence before the grand jury implicated Parris in McCray's death. Testimony indicated that Parris and a woman, Bobby Jo Bishop, had picked up McCray at a local nightclub and taken her to Bishop's apartment with the intent to provide her with crack cocaine and have sex with her. After using the drug, McCray overdosed. Parris and Bishop attempted to revive her, but instead of taking her to a hospital or calling for help, Parris put her in his truck and took her away, while Bishop hid McCray's car.

After being charged, Parris submitted a statement through his attorney in which he admitted to disposing of McCray's body in the National Forest after she had overdosed and "appeared dead." (Presentence Investigation Report, Nov. 28, 2006, ¶ 33.)

In its motion for an upward departure, the United States argued that the concealment and disposal of McCray's body in the course of a drug conspiracy were circumstances not identified by the Sentencing Commission, thus justifying a sentence above the guideline range.[1]

In his present motion, Parris seeks a reduction in his sentence from 180 months to 78 months, a sentence that would likely mean his release upon the effective date of the reduction.

---

[1] The government also introduced evidence at sentencing that near the time of Stacy McCray's death, Parris had drugged and sodomized two other women. (ECF Nos. 74-1, 74-2.)

The court may reduce the term of imprisonment of a defendant made eligible under § 1B1.10, "after considering the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(2). "Whether to reduce a sentence and to what extent is a matter within the district court's discretion." *United States v. Smalls*, 720 F.3d 193, 195 (4th Cir. 2013). In addition to the § 3553(a) factors, the court may consider public safety concerns as well as the defendant's post-sentencing conduct. USSG § 1B1.10 cmt. 1(B) (ii), (iii).

Parris is eligible to be considered for a reduction, in accord with USSG § 1B1.10. *See United States v. Dillon*, 560 U.S. 817, 826 (2010) (holding that court must make a two-step inquiry under § 3582(c)(2), determining first whether the defendant is eligible for reduction under USSG § 1B1.10, and then considering whether a reduction in whole or in part is warranted). The question in this case is whether the court ought to exercise its discretion to grant a reduction. Based upon my consideration of all of the relevant factors, I believe that a reduction would not be appropriate.

I recognize that Parris has been relatively well-behaved in prison and professes a desire not to return to drugs upon his release. Nevertheless, the egregious nature and circumstances of his criminal conduct convinces me that it would be unjust to reduce his punishment. While Parris is now in his mid-forties and thus may be less likely to reoffend, his unconscionable treatment of his drug

distribution victim makes it appropriate in my view that he serve the full sentence originally imposed upon him.

It is accordingly **ORDERED** that the Motion to Reduce Sentence Pursuant to Amendment 782 (ECF No. 81) is DENIED.

                                            ENTER: June 4, 2015

                                            /s/ James P. Jones
                                            United States District Judge

-5-

Case 1:06-cr-00022-JPJ-PMS   Document 87   Filed 06/04/15   Page 5 of 5   Pageid#: 276